1

2

3

4

5

6

7

8

9

10                    **IN THE UNITED STATES DISTRICT COURT**

11                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

12

13   UNITED STATES OF AMERICA,                  CASE NO. CV-F-02-5574 AWI LJO

14                      Plaintiff,          _____**FINDINGS AND RECOMMENDATIONS ON**
                                            **GOVERNMENT'S APPLICATION FOR**
15         vs.                              **DEFAULT AND FINAL JUDGMENT**
                                            (Doc. 60.)
16   REAL PROPERTY LOCATED IN TULARE
     COUNTY, etc.,
17
                        Defendants.
18   _____/

19                           **INTRODUCTION**

20         In this real estate forfeiture action, plaintiff the United States of America ("Government") seeks:

21         1.      Default judgment against the interests of five individuals in five parcels of real property

22                 (collectively "properties") located in Terra Bella, California[1];

23         2.      Entry of final forfeiture judgment to vest in the Government all right, title and interest

24                 in the properties; and

25         3.      A certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

26   _____

27         [1]     The properties' Terra Bella, California addresses are 24990 Avenue 95, 24971 Avenue 95, 10545 Road
     240 # A, 26331 Avenue 96, and 10545 Road 240 # B.  The Government does not seek forfeiture of a sixth property located
28   in Porterville, California and referenced in its May 16, 2002 verified Complaint for Forfeiture In Rem ("complaint").

                                          1

1    This Court conducted a June 17, 2005 hearing on the Government's ex parte application for the

2    above relief.  Assistant United States Attorney Kristi Culver Kapetan appeared for the Government.

3    There was no other appearance.  As more particularly described below, this Court RECOMMENDS to

4    grant the Government default judgment, to enter final forfeiture judgment, and to issue a 28 U.S.C. §

5    2465 certificate of reasonable cause.

6                              **BACKGROUND**[2]

7                           **The Government's Claims**

8    With is complaint, the Government alleges that during 1994 to August 2002, Roberto Torres,

9    Sr., Maria Inez Torres, Martha Ramos Torres, Jose Luis Torres Ramos and others conspired to defraud

10   the Government by submitting false and fraudulent tax returns that sought unentitled refunds.  According

11   to the Government, most of the returns used an Individual Taxpayer Identification Number for

12   individuals who are neither United States citizens, nationals nor permanent residents.  The Government

13   alleges that the scheme resulted in filing more than 9,000 returns and that the Government lost more than

14   $3 million from Internal Revenue Service issuance of fraudulent refunds.  The complaint's allegations

15   arise out of investigation in a parallel criminal action entitled *United States v. Elvia Ruiz, et al.*, Case

16   No. CR F 02-5101 AWI ("criminal action").

17   _____On May 22, 2002, the properties were posted with a copy of the complaint.  On July 16, 2002,

18   another magistrate judge issued for the properties a seizure warrant, which was filed on July 23, 2002.

19   With his June 14, 2002 order, the district judge assigned to this action authorized public notice of the

20   complaint by publication is the Visalia Times Delta, and such publication was on August 2, 2002 with

21   proof of such publication filed on August 22, 2002.

22   The Government served individuals with notice or attempted notice as follows regarding the

23   properties.

24                              **24990 Avenue 95**

25   Jesus R. Ramos is the recorded owner of 24990 Avenue 95, Terra Bella, CA.  On May 23, 2002,

26   copies of the complaint, notice of complaint, writ on entry, lis pendens and court notices were sent by

27

28   _____
     [2]    The factual and procedural recitation is derived from the Government's papers and the record in that no
     opposition papers have been filed.

                              2

1   certified mail to Jesus R. Ramos at the property's address.  On June 13, 2002, the documents were

2   returned with a notation "unclaimed."

3       On February 18, 2004, Jesus R. Ramos was personally served with copies of the complaint and

4   notice of complaint.

5                           **24971 Avenue 95 And 10545 Road 240 #A**

6       Roberto Torres, Sr. is the recorded owner of 24971 Avenue 95, Terra Bella, CA.  Roberto Torres,

7   Sr. and Maria Inez Torres are the recorded owners of 10545 240 #A, Terra Bella, CA.  On May 23, 2002,

8   copies of the complaint, notice of complaint, writ of entry, lis pendens and court notices were sent

9   separately by certified mail to Roberto Torres, Sr. and Maria Inez Torres at the properties' addresses.

10  The papers were returned with notations "no mail receptacle."  On May 23, 2002, copies of the

11  complaint, notice of complaint, writ of entry, lis pendens and court notices were sent separately by

12  certified mail to Roberto Torres, Sr. and Maria Inez Torres at a Fresno post office box.  The documents

13  were returned with notations "attempted not known."

14      In their May 9, 2003 plea agreements in the criminal action, Roberto Torres, Sr. and Maria Inez

15  Torres agreed to forfeit the properties.  On October 30, 2003, Maria Inez Torres was deported to Mexico

16  upon completion of her criminal sentence.  On May 6, 2004, Roberto Torres, Sr. was personally served

17  with copies of the complaint and notice of complaint.  On that same date, Roberto Torres, Sr. stated that

18  Maria Inez Torres was in Mexico.

19  _____ By a June 8, 2004 Stipulation for Final Judgment of Forfeiture filed in this action, Roberto

20  Torres, Sr. forfeited his interest in the properties to the Government.  By a second June 8, 2004

21  Stipulation for Final Judgment of Forfeiture filed in this action, the Government recognized Bank of

22  America as a lien holder as to 24971 Avenue 95 and whose loan balance will be repaid from sale of that

23  property.

24      On June 14, 2004, the Government by certified international mail sent copies of the complaint,

25  application and order for publication and court notices to Maria Inez Torres at a Mexican address

26  provided by her sister.  The certified international mail receipt has not been returned to the Government.

27                                      **26331 Avenue 96**

28      Jose Luis Torres Ramos and Martha Ramos Torres are the recorded owners of 26331 Avenue

                                            3

1   96, Terra Bella, CA.  According to several witnesses, Martha Ramos Torres fled to Mexico on March

2   14, 2002, the day on which initial search warrants were executed in the criminal action.  On May 16,

3   2002, federal law enforcement officers attempted to personally serve Martha Ramos Torres with the

4   complaint, notice of complaint and writ of entry at the property.  Martha Ramos Torres was not at the

5   property which appeared abandoned, and documents were left at the property's residence.

6       On May 23, 2002, copies of the complaint, notice of complaint, writ of entry, lis pendens and

7   court notices were sent separately by certified mail to Jose Luis Torres Ramos and Martha Ramos Torres

8   at the property's address.  The documents were returned with a notation "unclaimed."  On May 23, 2002,

9   copies of the complaint, notice of complaint, writ of entry, lis pendens and court notices were sent by

10  certified mail to Martha Ramos Torres at a Fresno post office box.  The documents were returned with

11  a notation "attempted not known."

12      On May 6, 2004, Roberto Torres, Sr. stated that Martha Ramos Torres was in Mexico.

13      By a June 14, 2004 Stipulation for Final Judgment of Forfeiture filed in this action, Jose Luis

14  Torres Ramos forfeited his interest in the property to the Government.  On that same date, the

15  Government by certified international mail sent copies of the complaint, application and order for

16  publication and court notices to Martha Ramos Torres at a Mexican address provided by her sister.  The

17  certified international mail receipt has not been returned to the Government.

18      By a February 15, 2005 Stipulation for Final Judgment of Forfeiture filed in this action, the

19  Government recognized claimant Grand Servicing Corporation as a lien holder whose loan balance will

20  be repaid from sale of the property.

21  **10545 Road 240 #B**

22      Jose B. Torres, Jose Torres and Oralia Torres are the recorded owners of 10545 240 #B.[3]  On

23  May 23, 2002, copies of the complaint, notice of complaint, writ of entry, lis pendens and court notices

24  were sent by certified mail to Jose B. Torres at the property's address.  The documents were returned

25  with a notation "unclaimed."  Also on May 23, 2002, copies of the complaint, notice of complaint, writ

26

27      [3]      By a grant deed recorded May 15, 2002 in Tulare County, Jose B. Torres, a single man, and Jose Torres
    and Oralia Torres, husband and wife, and the three of them as joint tenants, granted the property to Erasmo Ramos and Perla
    Sierra Ramos, husband and wife, as joint tenants.  By a granted deed recorded June 4, 2002, Erasmo Ramos and Perla Sierra
28  Ramos granted the property to the Government.

of entry, lis pendens and court notices were sent separately by certified mail to Jose Torres and Oralia Torres at a Waterford, California address.  The return receipts bear Octavio Torres' May 30, 2002 signature for Jose Torres' certified mail and Oralia Torres' June 12, 2002 signature for her certified mail.

Jose B. Torres and Araceli Saldana filed July 3, 2002 claims as to the property and July 23, 2002 answers to the complaint.  On February 18, 2004, Oralia B. Torres was personally served with the complaint and notice of complaint.  On March 11, 2003, Jose B. Torres informed law enforcement officers that his father, Jose Torres, had passed away two months prior.

On June 7, 2004, Erasmo Ramos and Perla Sierra Ramos were personally served with the complaint and notice of complaint.  By an April 5, 2005 Stipulation for Final Judgment of Forfeiture filed in this action, Jose B. Torres, Oralia B. Torres and Araceli Saldana forfeited their interests in the property to the Government.

### The Government's Request For Ex Parte Hearing

According to the Government, except as noted above, no one has asserted a claim as to the properties.  At the Government's request, this Court's clerk has entered defaults against Jesus R. Ramos, Maria Inez Torres, Martha Ramos Torres, Erasmo Ramos and Pearla Sierra Ramos.  On April 22, 2005, the Government filed its ex parte application for its requested default judgment and final forfeiture judgment, pursuant to this Court's Local Rule A-540(d) which addresses default in actions in rem and states:

> Upon a showing that no one has appeared to claim the property and give security, and that due notice of the action and arrest of the property has been given, a party may move for judgment at any time after the time for answer has expired. . . . If no one has appeared, the party may have an ex parte hearing before the Court and judgment without further notice.  If any person has appeared and does not join in the motion for judgment, such person shall be given seven (7) court days notice of the motion . . . provided, however, that the Court can extend or shorten the time of the required notice on good cause.

According to its certificate of service, the Government has served only Bank of America with its ex parte application.  No one has filed timely opposition papers.

### DISCUSSION

### Notice Requirements

The Government contends notice requirements have been satisfied for forfeiture of the properties.

1  The Fifth Amendment's Due Process Clause prohibits the Government to deprive property without "due
2  process of law."   Individuals whose property interests are at stake are entitled to "notice and an
3  opportunity to be heard." *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48, 114 S.Ct.
4  492 (1993).

5       To initiate a civil forfeiture action against real property, the Government must post notice of the
6  complaint of the property and serve notice and a copy of the complaint on the property owner. 18 U.S.C.
7  § 985(c)(1).  If the property has been posted, "it shall not be necessary for the court to issue an arrest
8  warrant in rem, or to take any other action to establish in rem jurisdiction over the property." 18 U.S.C.
9  § 985(c)(2).  As noted by the Government, a magistrate judge properly issued a seizure warrant for the
10  properties and which was filed July 23, 2002 to indicate the properties were posted on May 22, 2002.
11  As such, no issue is raised as to posting the properties.

12       As noted by the Government, the Supplemental Rules for Certain Admiralty and Maritime
13  Claims ("Supplemental Rules") apply to this real property forfeiture action.  *See United States v. Real*
14  *Property*, 135 F.3d 1312, 1315 (9th Cir. 1998).  Supplemental Rule C(4) "requires the Government to
15  give notice of forfeiture proceedings by publication alone."  *Real Property*, 135 F.3d at 1315.  This
16  Court's Local Admiralty and In Rem Rules echo Supplemental Rule C(4)'s notice of forfeiture action
17  by court-ordered publication in a newspaper of general circulation in the district where the action is filed.
18  *See* Local Rule A-530 (incorporating Local Rule 83-171 by which court is to designate appropriate
19  newspaper and manner of publication).

20       The district judge's June 14, 2002 order required notice by publication in the Visalia Times
21  Delta, and the Government satisfied the order with August 2, 2002 publication of the notice of
22  complaint.

23       Although Supplemental Rule C(4) requires only notice by publication, 28 U.S.C. § 985(c)(1)(C)
24  requires the Government to initiate a civil forfeiture action against real property by "serving notice on
25  the property owner, along with a copy of the complaint."  The United States Supreme Court has held that
26  notice by publication is insufficient for persons with a known potential interest in the property and
27  whose whereabouts are known. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313,
28  70 S.Ct. 652 (1950).  For such persons, the Government must attempt to provide actual notice by means

6

1  "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the . . .

2  forfeiture[.]" *Dusenbery v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694 (2002).

3         This Court's Local Rule A-540 addresses notice to persons known to have an interest in property

4  subject to forfeiture.  The rule requires that a party seeking default judgment in an action in rem to show

5  to the Court's satisfaction that due notice and posting of the property has been given by: (1) publication;

6  (2) if the property is in the hands of a law enforcement officer, by personal service on the person having

7  custody prior to its possession by law enforcement agency or officer; and (3) by personal service or

8  certified mail, return receipt requested, to every other person who has not appeared in the action and is

9  known to have an interest in the property; provided that failure to give actual notice to such other person

10  may be excused upon a satisfactory showing of diligent efforts to give such notice without success.

11  Local Rule A-540(a).

12         Here, the Government's publication satisfied the Supplemental Rules.  As to 24990 Avenue 95,

13  recorded owner Jesus R. Ramos was personally served.  No notice issues arise for this property.

14         As to 24971 Avenue 95, recorded owner Roberto Torres, Sr. was personally served and

15  forfeited his interest in the property by stipulation.  In addition, in her plea agreement, Maria Inez Torres

16  agreed to forfeit her interest in the property.  No notice issues arise for this property.

17         As to 10545 Road 240 #A, recorded owner Roberto Torres, Sr. was personally served and

18  forfeited his interest in the property by stipulation.  Recorded owner Maria Inez Torres agreed to forfeit

19  her interest in the property in her plea agreement and was deported to Mexico.  The Government has

20  diligently attempted to serve Maria Inez Torres in the United States and Mexico based on available

21  information.  No notice issues arise for this property.

22         As to 26331 Avenue 96, recorded owner Jose Luis Torres Ramos forfeited his interest in the

23  property by stipulation.  The Government diligently attempted to serve recorded owner Martha Ramos

24  Torres personally and by certified mail although she reportedly fled to Mexico.   The Government has

25  diligently attempted to serve her in Mexico based on available information.  No notice issues arise for

26  this property.

27         As to 10545 Road 240 #B, return receipts were signed and returned for certified mail service

28  upon recorded owners Jose Torres, who has passed away, and Oralia B. Torres, who also personally was

1   served.  Recorded owner Jose B. Torres and Araceli Saldana appeared in this action.  By stipulation, Jose

2   B. Torres, Oralia B. Torres and Araceli Saldana forfeited their interests in the property.  Erasmo Ramos

3   and Perla Sierra Ramos were personally served and deeded the property to the Government.  No notice

4   issues arise for this property.

## Default Entry

6   In an in rem civil forfeiture action, Supplemental Rule C(6) grants a person who claims a right

7   or interest in the property to file a verified claim to identify the interest or right within 30 days of the

8   earlier of date of service of the Government's complaint or completion of publication.  "[F]ailure to

9   comply with the requirements of Supplemental Rule C(6) precludes [a person] from establishing

10   standing as a party to the forfeiture action."  *Real Property*, 135 F.2d at 1317.

11   Although personally served more than 30 days ago, Jesus R. Ramos, Erasmo Ramos and Pearla

12   Sierra Ramos have not appeared to warrant default entry against them.  Moreover, 30 days have passed

13   since attempted service on Maria Inez Torres and Martha Ramos Torres without their appearance to

14   warrant default entry against them.

## Default Judgment And Final Forfeiture Judgment

16   The Government seeks judgment against interests of potential claimants and final forfeiture

17   judgment to vest in the Government all right, title and interest in the properties.  The Supplemental Rules

18   do not provide a procedure to seek default judgment.  Supplemental Rule A provides: "The general

19   Rules of Civil Procedure for the United States District Courts are also applicable to the foregoing

20   proceedings except to the extent that they are inconsistent with these Supplemental Rules."

21   Default entry is a prerequisite to default judgment.  F.R.Civ.P. 55(a) governs entry of default:

22   "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

23   defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall

24   enter the party's default."  Generally, the default entered by the clerk establishes a defendant's liability:

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

1    *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

2            As noted above, the Government properly sought default entries against the interests of Jesus R.

3    Ramos, Maria Inez Torres, Martha Ramos Torres, Erasmo Ramos and Pearla Sierra Ramos.  There is

4    no impediment to default judgment sought by the Government as to them.  The Government has entered

5    into stipulations for final judgment of forfeiture with Roberto Torres, Sr., Jose Luis Torres Ramos, Jose

6    B. Torres, Oralia B. Torres, Araceli Saldana, Bank of America and Grand Servicing Corporation.

7    Nonetheless, the Government seeks judgment against the interests of the entire world, that is, a final

8    forfeiture judgment to vest in the Government all right, title and interest in the properties.  "A judgment

9    in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure

10   a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar

11   interests of particular persons."  *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

12           In light of the defaults and stipulations for final judgment noted above, a final forfeiture

13   judgment is in order for the Government.

14                              **Certificate Of Reasonable Cause**

15           The Government asks this Court to issue a certificate of reasonable cause under 28 U.S.C. §

16   2465(a) which provides in pertinent part:

17                   Upon entry of a judgment for the claimant in any proceeding to . . . forfeit
                property seized or arrested under any provision of Federal law –

18
                . . .
19
                     (2) if it appears that there was reasonable cause for the seizure or arrest, the court
20              shall cause a proper certificate thereof to be entered and, in such case, neither the person
                who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on
21              account of such suit or prosecution nor shall the claimant be entitled to costs . . .

22           In *United States v. Frerichs*, 106 U.S. 160, 161-162 (1882), the United States Supreme Court

23   explained the effect of a certificate of reasonable cause:

24              The certificate, when granted, is no part of the original case.  It is a collateral matter
                which arises after final judgment.  It is granted to protect the person at whose instance
25              the seizure was made, should an action of trespass be brought against him by the
                claimant for the wrongful seizure of the latter's property.  The granting of the certificate
26              of reasonableness cause is, therefore, only antecedent and ancillary to another suit, and
                is not a final judgment in the case in which it is given.
27
             Under the circumstances, a issuance of a certificate of reasonableness is reasonable and
28

                                            9

1    warranted to protect the Government officers involved.

2                          **CONCLUSION AND RECOMMENDATIONS**

3            For the reasons discussed above, this Court RECOMMENDS to:

4    1.      GRANT the Government default judgment against the interests of Jesus R. Ramos,

5            Maria Inez Torres, Martha Ramos Torres, Erasmo Ramos and Pearla Sierra Ramos in the

6            properties;

7    2.      ENTER final forfeiture judgment to vest in the Government all right, title and interest

8            in the properties subject to interests of claimants Bank of America as to 24971 Avenue

9            95 and Grand Servicing Corporation as to 26331 Avenue 96;

10   3.      ISSUE a 28 U.S.C. § 2465 certificate of reasonable cause; and

11   4.      ORDER the Government, within 10 days of service of an order adopting findings and

12           recommendations, to submit a proposed final forfeiture judgment and a 28 U.S.C. § 2465

13           certificate of reasonable cause consistent with the findings and recommendations and

14           order adopting them.

15           These findings and recommendations are submitted to the district judge assigned to this action,

16   pursuant to 28 U.S.C. § 636(b) and this Court's Local Rule 72-304.  No later than July 1, 2005, any party

17   may file written objections with the Court and serve a copy on the magistrate judge in compliance with

18   this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate

19   Judge's Findings and Recommendations." Responses to objections shall be filed and served no later than

20   July 8, 2005 and otherwise in compliance with this Court's Local Rule 72-304(d).  A copy of the

21   responses shall be served on the magistrate judge.  The district judge will review the magistrate judge's

22   findings and recommendations pursuant to 28 U.S.C. § 636(b).  The parties are advised that failure to

23   file objections within the specified time may waive the right to appeal the district court's order. *Martinez*

24   *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25           IT IS SO ORDERED.

26   **Dated:     June 19, 2005**                          **/s/ Lawrence J. O'Neill**
     66h44d                                      UNITED STATES MAGISTRATE JUDGE

27

28

                                          10