McGREGOR W. SCOTT
United States Attorney
KRISTI C. KAPETAN
Assistant U.S. Attorney
3654 Federal Building
1130 O Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REAL PROPERTY LOCATED IN ) <br> TULARE COUNTY, COMMONLY ) <br> KNOWN AS 24990 AVENUE 95, ) <br> TERRA BELLA, CALIFORNIA; ) <br> APN: 320-230-053; Including ) <br> Appurtenances and Improvements ) <br> Thereto; et al., ) <br> ) <br> Defendants. ) <br> _____) | 1:02-CV-5574-AWI-LJO <br><br> ORDER ADOPTING FINDINGS <br> AND RECOMMENDATIONS <br><br> DEFAULT JUDGMENT OF <br> FORFEITURE AND FINAL <br> JUDGMENT OF FORFEITURE |

      This matter came on for hearing on June 17, 2005, before the Honorable Magistrate Judge Lawrence J. O'Neill, on plaintiff United States' motion for default judgment. Assistant U.S. Attorney Kristi C. Kapetan appeared for plaintiff United States. There was no appearance by or on behalf of any other person or entity claiming an interest in defendant real properties to oppose plaintiff's motion.

      On June 21, 2005, the Magistrate Judge filed Findings and Recommendations, recommending that the court grant the United States' motion for default judgment and enter judgment for the United States. The Findings and Recommendations were served on all parties and contained notice that any

party could file objections by July 1, 2005. No party has filed objections or otherwise contacted the court.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a <u>de novo</u> review of this case. See <u>Britt v. Simi Valley Unified School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the Findings and Recommendations to be supported by the record and by proper analysis  Therefore, IT IS HEREBY ORDERED that:

    1. The Magistrate Judge's Findings and Recommendations are adopted herein.

    2. Jesus R. Ramos, Maria Inez Torres, Martha Ramos Torres, Erasmo Ramos, and Pearla Sierra Ramos are held in default.

    3. A judgment by default is hereby entered against any right, title or interest in the following defendant real properties of Jesus R. Ramos, Maria Inez Torres, Martha Ramos Torres, Erasmo Ramos, and Pearla Sierra Ramos:

        a. Real property located at 24990 Avenue 95, Terra Bella, California, APN: 320-230-053, Including Appurtenances and Improvements Thereto and further described in Exhibit A;

        b. Real property located at 24971 Avenue 95, Terra Bella, California, APN: 320-230-058, Including Appurtenances and Improvements Thereto and further described in Exhibit B;

        c. Real property located at 10545 Road 240 # A, Terra Bella, California, APN: 302-340-037, Including Appurtenances and Improvements Thereto and further described in Exhibit C;

        d. Real property located at 26331 Avenue 96, Terra Bella, California, APN: 323-190-008, Including Appurtenances and Improvements Thereto and further described in Exhibit D;

        e. Real property located at 10545 Road 240 # B, Terra Bella, California, APN: 302-340-038, Including Appurtenances and Improvements Thereto and further described in Exhibit E; and

    4. A final judgment is hereby entered, forfeiting all right, title and interest in the above-listed defendant real properties to the United States of America, to be disposed of according to law, including all right, title and interest of Jesus R. Ramos, Roberto Torres, Sr., Maria Inez Torres, Jose Luis Torres Ramos, Martha Ramos Torres, Jose B. Torres, Oralia B. Torres, Araceli Saldana, Erasmo Ramos, and Pearla Sierra Ramos, subject to the interests of claimants Bank of America as set forth in the Stipulation for Final Judgment of Forfeiture filed June 8, 2004 and Grand Servicing Corporation

as set forth in the Stipulation for Final Judgment of Forfeiture filed February 15, 2005.

    5. Title to the defendant real properties shall vest solely in the name of the United States of America, subject to the interest of claimants Bank of America and Grand Servicing Corporation.

    6. Pursuant to the stipulation for final judgment of forfeiture filed on June 8, 2004, regarding the real property located at 24971 Avenue 95, Terra Bella, California and further described in Exhibit B attached hereto, upon entry of a final judgment of forfeiture and the sale of the real property, Bank of America shall be paid directly out of escrow in full settlement and satisfaction of their claim, the following:

    a. The sum of $23,981.64, less any principal payments made between April 30, 2004, and the date of payment; plus interest on the unpaid principal sum at the rate of 8% per annum from April 30, 2004;

    b. All unpaid interest at the contractual (not default) rate under the above-described note and deed of trust until the date of payment;

    c. All unpaid casualty insurance premiums for the defendant property from July 16, 2002, (date of seizure of defendant real property) to the date of payment;

    d. A total fee of not more than $200 to process a beneficiary demand statement and to record a reconveyance of the deed of trust.

    e. The exact amount to be paid to the claimants shall be determined at the time of payment.

    7. Pursuant to the stipulation for final judgment of forfeiture filed on February 15, 2005, regarding the real property located at 26331 Avenue 96, Terra Bella, California and further described in Exhibit D attached hereto, upon entry of a final judgment of forfeiture and the sale of the real property, Grand Servicing Corporation shall be paid directly out of escrow in full settlement and satisfaction of their claim, the following:

    a. The principal due and owing of $33,283.53, less any principal payments made between June 11, 2004, and the date of payment; plus interest on the unpaid principal sum at the rate of 9.0% per annum from April 25, 2002, by way of the promissory note executed June 24, 1997, secured by a deed of trust recorded on

|   |   |   |
|---|---|---|
| 1 |   | July 25, 1997 as instrument number 97-050015, in the official records of |
| 2 |   | Tulare County.  The interest due and owing as of June 11, 2004 is $16,034.43; |
| 3 | b. | All unpaid interest at the contractual (not default) rate under the above- |
| 4 |   | described note and deed of trust until the date of payment; |
| 5 | c. | All unpaid casualty insurance premiums for the defendant property from May |
| 6 |   | 22, 2002, (date of posting of defendant real property) to the date of payment; |
| 7 | d. | Reasonable attorney's fees not to exceed $2,000.00; |
| 8 | e. | A total fee of not more than $200 to process a beneficiary demand statement |
| 9 |   | and to record a reconveyance of the deed of trust. |
| 10 | f. | The exact amount to be paid to the claimants shall be determined at the time of |
| 11 |   | payment. |

8. Upon entry of this final judgment of forfeiture, the defendant real properties shall be sold by the Department of Treasury, Internal Revenue Service, or their designee, in any commercially reasonable manner.

9. The Department of Treasury, Internal Revenue Service shall have the real properties appraised by a licensed appraiser of its choosing.  If necessary, the Department of Treasury, Internal Revenue Service, or their designee, shall have the right to put a "lock box" on the properties to facilitate the marketing and sale of the properties.

10. The following costs and expenses of sale shall be deducted from the gross sales price and paid directly out of escrow in the following order and to the extent that funds are available:

    a. The costs incurred by the Department of Treasury, Internal Revenue Service to the date of close of escrow, including the cost of seizure, service, advertising, sale and maintenance.

    b. Any unpaid real property taxes which shall be prorated as of the date of entry of the final judgment of forfeiture.

    c. The costs and expenses associated with the sale of the real properties.

    d. Any county transfer taxes.

    e. All funds remaining after the payment of the expenses described above shall be

paid to the United States, to be disposed of according to law.

11. Any liens or encumbrances against defendant real properties that appear on record subsequent to the recording of plaintiff's lis pendens on May 16, 2002, and prior to entry of the Final Judgment of Forfeiture herein may be paid out of escrow.

12. The costs of obtaining a standard American Land Title Association (ALTA) policy of title insurance shall be paid for by the buyer of defendant properties.

13. All loan fees, "points" and other costs of obtaining financing shall be paid by the buyer of defendant properties.

14. Based on the facts set forth in the Complaint for Forfeiture In Rem, there was reasonable cause for the posting of the defendant real properties, and the Court will enter a Certificate of Reasonable Cause, pursuant to 28 U.S.C. § 2465.

15. All parties shall bear their own costs and attorneys' fees, except as provided for herein.

16. Based on the facts set forth in the Complaint for Forfeiture In Rem, the Court enters this Certificate of Reasonable Cause, pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the posting of defendant real properties.

SO ORDERED.

DATE:     July 26, 2005            /s/ Anthony W. Ishii
                                   ANTHONY W. ISHII
                                   U.S. District Judge

**Exhibit A**

**Real property located at 24990 Avenue 95, Terra Bella, CA, APN: 320-230-053**

All right, title and interest in certain real property and premises located at 24990 Avenue 95, Terra Bella, California, together with all appurtenances and improvements thereto, title to which is held by Jesus R. Ramos; more particularly described as:

The South 208.71 feet of the East 208.71 feet of Lot 74 Subdivision No. 5 of Terra Bella Lands, in the County of Tulare, State of California, as per Map recorded in Book 8, Page 15 of Maps, in the Office of the County Recorder of said County.

APN: 320-230-053

**Exhibit B**

**Real property located at 24971 Avenue 95, Terra Bella, California**

All right title and interest in certain real property and premises located at 24971 Avenue 95, Terra Bella, California, together with all appurtenances and improvements thereto, title to which is held by Roberto Torres; more particularly described as:

Parcel No. 1 of Parcel Map 2539, in the County of Tulare, State of California, according to the Map thereof recorded in Book 26, Page 40 of Parcel Maps, in the Office of the County Recorder of said County.

APN: 320-230-058

**Exhibit C**

**Real property located at 10545 Road 240 #A, Terra Bella, California**

All right title and interest in certain real property and premises located at 10545 Road 240 #A, Terra Bella, California, together with all appurtenances and improvements thereto, title to which is held by Roberto Torres and Maria Inez Torres; more particularly described as:

The North 100 feet of the South 273 feet of the West 125 feet of the East 415 feet of Lot 137 of Campo Verde Colony, in the County of Tulare, State of California, as per Map recorded in Book 7, Page 43 of Maps;
Together with an Easement for Ingress, Egress and Road purposes over and across the North 25 feet of the South 298 feet of the East 415 feet of said Lot 137.

APN: 302-340-037

**Exhibit D**

**Real property located at 26331 Avenue 96, Terra Bella, California**

All right title and interest in certain real property and premises located at 26331 Avenue 96, Terra Bella, California, together with all appurtenances and improvements thereto, title to which is held by Jose Luis Torres Ramos and Martha Ramos Torres; more particularly described as:

That portion of Lot 1 of Sierra Vista Heights, in the County of Tulare, State of California, according to the map thereof recorded in Book 16, Page 29 of Maps, Tulare County Records, described as follows: Beginning at the Northeast corner of said Lot 1; (said Northeast corner being the intersection of the South line of the 20 foot public road and the West line of the 25 foot public road as shown on the map of said subdivision) thence West along the North line of said lot, and being along the South line of the above mentioned 20 foot road, a distance of 470 feet to the true point of beginning of the parcel to be described; thence South parallel with the East line of said lot 420 feet; thence West parallel with the North line of said lot, 165 feet to a point on the West line of Lot 1; thence North along said West line, 420 feet to the Northwest corner of said lot, which point is on the South line of the above mentioned 20 foot public road; thence East along the North line of said lot, 165 feet to the true point of beginning.

APN: 323-190-008

**Exhibit E**

**Real property located at 10545 Road 240 #B, Terra Bella, CA, APN: 302-340-038**

All right title and interest in certain real property and premises located at 10545 Road 240 #B, Terra Bella, California, together with all appurtenances and improvements thereto, title to which is held by Jose B. Torres, Jose Torres, and Oralia Torres[1]; more particularly described as:

The South 298 feet of the East 660 feet of Lot 137 of Campo Verde Colony, in the County of Tulare, State of California, as per map recorded in Book 7, Page 43 of Maps, Tulare County Records. Excepting therefrom the North 100 feet of the South 273 feet of the West 125 feet of the East 415 feet of said Lot 137 of Campo Verde Colony.

APN: 302-340-038

---

[1] By Grant Deed recorded May 15, 2002, as document number 2002-0037028 in Tulare County, Jose B. Torres, a single man and Jose Torres and Oralia B. Torres Husband and Wife, all as Joint Tenants granted the defendant real property to Erasmo and Perla Sierra, Husband and Wife, as joint tenants on May 13, 2002. By Grant Deed recorded June 4, 2002, Erasmo Ramos and Perla Sierra, Husband and Wife, as Joint Tenants granted the defendant real property to the United States of America on June 3, 2002.